930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis MAYNARD, Petitioner-Appellant,
v.
Norris MCMACKIN, Norm F. Hills, Respondents-Appellees.
 No. 90-3996.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and MCRAE, Senior District Judge.*
 
 ORDER
 
 2
 Lewis Maynard, a pro se Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In April 1985, a Cuyahoga (Ohio) County jury convicted Maynard of one count of aggravated robbery in violation of Ohio Rev.Code Sec. 2911.01. He was sentenced to fifteen to twenty-five years imprisonment. Following an unsuccessful direct appeal, Maynard filed his habeas petition asserting: (1) that he was denied due process and a fair trial when the trial judge gave a supplemental instruction to the jury outside of the presence of his counsel and himself; and (2) that his conviction was not supported by substantial evidence, as it was inconsistent with the trial court's dismissal of a firearm specification which was part of the indictment against him.
 
 
 4
 After de novo review of the record in light of Maynard's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition, finding that Maynard's assertions of error were meritless. Maynard has filed a timely appeal. He requests the appointment of counsel and the provision of a transcript at government expense in his brief on appeal.
 
 
 5
 Upon review, we conclude that the trial court's supplemental instruction to the jury in the absence of the parties was harmless error. Under the circumstances of this case, there is no reasonable probability of prejudice to Maynard by the trial judge's verbatim repetition of instructions previously given to the jury. See Rose v. Clark, 478 U.S. 570, 577 (1986). Further, sufficient evidence exists to support Maynard's conviction of aggravated robbery. See Jackson v. Virginia, 443 U.S. 307 (1979). Hence, we conclude that the district court properly dismissed Maynard's habeas petition. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 6
 Accordingly, the requests for counsel and for a transcript at government expense are denied, and the district court's judgment is affirmed for the reasons stated in the magistrate's report and recommendation filed on June 1, 1988, as adopted by the district court by order filed October 19, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Senior U.S. District Judge for the Western District of Tennessee, sitting by designation